19-1220 Sports v. Wilkie 19-1220 Sports v. Wilkie Thank you, Your Honor. Good morning. May it please the Court, Alex Hontos on behalf of the veteran, Niall T. Sports, Jr. The Court should reverse because the Secretary misinterpreted the rule of competency of lay evidence. This rule is embodied in 38 U.S.C. 1154 and 38 U.S.C. 5107 and this Court's precedents in cases like Jandrow, Davidson, and Buchanan. In this case, there was no finding, there was no assessment by the Secretary that the Mr. Sports tried to provide evidence about neck and back conditions were complex. That finding does not exist. What's missing here? The word complex? I mean, they certainly said that he lacks medical training. This is the board at 28. He lacks medical training or qualification to diagnose a cervical or lumbar spine disability. In other words, it's specific to the particular disability. What's missing? It's the threshold determination that that condition and that the subject of his testimony was not simple, was complex. If you look at Robinson, this Court's decision... They have to use the word complex? Well, I don't think there's necessarily a magic words situation here, but there has to be... But it's specific to the particular condition that's being diagnosed. It's not a general statement, which would be contrary to Jandrow and these other cases, that you can't consider lay evidence in for a diagnosis. It's just saying, you can't diagnose this particular condition. What's wrong with that? Well, I think under 1154, as the Court well knows, this evidence comes in. Lay evidence must be considered. And if that's the case, then I don't think it's too much to ask. No, lay evidence is incompetent. Is incompetent, correct. That's the exception to the general rule, but the general rule is lay evidence is considered. And if that's the case, then it should be clear in the record that the Secretary has assessed this specific evidence and provided some determination at step one, a threshold analysis, that it is a complex condition beyond the can of a lay person. In Jandrow footnote four, this Court gave an example that something like cancer might be beyond the can of a lay person and could be zeroed out. That evidence is not considered by the Secretary on a competency basis. Contrast that with a broken leg. That evidence could be amenable to a determination and to testimony. And in this case, there was no determination that these specific conditions are more like cancer or more like a broken leg. Can you, I'm having a little bit of trouble with some of the terminology here. What specifically is the evidence that, reading the board, I think the most natural way, the board said was not competent? Well, the evidence of the board, okay. He tried, the veteran, in reporting to his doctors, and it's in the medical reports, basically said, my neck, my back pain existed from the very severe car accident that I experienced in service. That evidence was... So the evidence is his assertion about a causal connection? Correct. That was the evidence that was excluded. Because he could testify, my lower back, my upper back hurts like the dickens. Absolutely. My movement is very painful. Right. So it's the next step of, is it, did he offer testimony, proposed to assert that my disc has collapsed, something about the physical condition of the inside of the spine? He didn't go that far. That wasn't in the medical... So it's the testimony or the evidence, the assertion that this is attributable to my plane with 80-pound backpack, and I forget whether he also attributed it to the car accident. And the car accident, correct, yeah. The only thing that was missing here was nexus evidence. It was undisputed he was in a severe car accident in service. It is undisputed that he has serious back pain and has undergone multiple surgeries because of it. So the nexus evidence he was trying to provide, that came in through his reports to a VA medical examiner, they're in the joint appendix, we cite them, where he basically said, this happened, and I've been experiencing the same pain since 1979 when I was in that severe car accident. It's just the time proximity? I'm sorry, Your Honor? It's the time proximity? It's the time proximity, yes. He says, I experienced that since 1979, and that evidence was the evidence that was zeroed out. The Secretary didn't put it on the scale at all, didn't weigh it at all. And I think that that comes back to this Court's precedence. And in cases like Jandreau, Jandreau said, it's not sufficient for the Secretary to simply say that medical evidence is required, right? Well, the Board did take into account that and credit Mr. Sports' testimony that he's been suffering back pain since 1979. It did. It's just a question of whether, in the Board's view, did Mr. Sports say something enough that his degenerative disc disease that he's currently suffering from, is he competent to say that that was caused by that motor accident in 1979? And that's the very question. That's what we want clarity in the record, and that's what Jandreau, Buchanan, and Nicholson, and Robinson are all about. I don't understand why it's not clear. I mean, the Board said he's not competent to diagnose this particular condition. To get to that step, one has to make a threshold determination that this is a complex condition beyond the can of a layperson. And that's what we're saying didn't happen here. We want the Secretary to have to, if it's going to zero out evidence, the Secretary should have to put in the record, consistent with 1154 and this Court's precedence, a statement that these conditions are complex. These conditions are, in fact, beyond the can of a layperson. That's not here. The Veterans Court acknowledged it wasn't here. The Secretary below did not argue that it was here. The Veterans Court, as you know, went right to this harmless air analysis. So, just to address that, would you, I mean, as I read it, and just correct me if I'm reading it incorrectly, the Veterans Court said, we do kind of read the Board, at least not explicitly, I think was the Veterans Court's word, saying you're not competent to testify, to make an assertion about this causal connection. But you, the veteran, have not, for prejudicial error purposes, and now I'm going to summarize, given us any hint of how you could even possibly be competent. And therefore, you haven't met some threshold of establishing prejudicial error from the omission that we will say is actually in the Board decision. That is, we do think there's an omission, but you haven't given us a hint about why it could matter. I think this gets to the prejudicial error, if you will. And this is where there was this conflation by the Veterans Court of the substantive standard under 1154. Remember, the only thing that was missing was nexus evidence. His claim would have been granted, but for nexus evidence. He tried to provide that. It was zeroed out. And the Veterans Court nonetheless concluded that because he hadn't met the underlying 1154 standard, apparently, that that was insufficient for purposes of showing harm. But the harmless error finding is a fact finding, isn't it? It is a fact finding, and we're not asking this Court, the Court lacks jurisdiction to revisit a proper finding on prejudicial error. How can we rule for you if we don't revisit that issue? Because the Court certainly has jurisdiction to look at the application, or the interpretation of the prejudicial error standard. And if you look at what the Veterans Court here did, the Veterans Court didn't say, well, let's assume there was error with respect to this slay testimony. But there was overwhelming evidence, for example, and I'm just giving a hypothetical. There was overwhelming evidence that he didn't have this condition. So you're suggesting that the Veterans Court had to say something more about prejudicial error and that that was the legal error in the decision? I'm saying that the Veterans Court conflated the prejudicial error test with the substance test under 1154, that the Veterans Court didn't make what you would ordinarily see in sort of a belt and suspenders prejudicial error analysis. The Veterans Court said, because Mr. Sports, a pro se veteran with a traumatic brain injury, didn't, at the RO level, provide additional evidence that he was competent to testify prophylactically and preemptively that there was no prejudicial error. And what we're saying is that's not the standard. That hollows out 1154. 1154 is meaningless if a veteran has to prophylactically provide two pieces of evidence. One, the fact that the veteran wants to testify about, my back has been hurting like the dickens since I got in that car accident. And footnote to fact one, I'm competent to testify about that because I'm a doctor. I'm competent to testify about that because it's a simple condition. That standard is totally inconsistent and is the functional and practical effect of the Secretary's ruling here and the Secretary's position to this court. And so we ask that the court take that into consideration. It's not too much to ask for the Secretary to have to explain in clear terms why it's going to zero out someone's or further questions. Okay. Mr. Lafrover. May it please the court, the assumption behind this appeal that the board somehow zeroed out or excluded or disregarded or failed to consider Mr. Sports' late testimony is demonstrably incorrect. The record shows that the board considered the late testimony, that the examiner considered the late testimony, and made a factual determination that such testimony did not support a finding of service connection. That it wasn't competent. That it wasn't competent. That it wasn't competent to support the nexus, that portion of the service connection. So for purposes of nexus, that late testimony was zeroed out because it was deemed incompetent. Well, it wasn't zeroed out, Your Honor, because... For purposes of establishing service connection nexus? Well, it was considered in the sense of, can this evidence demonstrate the nexus portion of it? And they made a determination that, no, it wasn't competent to support it. I don't understand what you're arguing. I mean, the board basically said that he's not competent to testify about this particular condition, and therefore we're not going to give any weight to the testimony. That's the proposition that you have to defend. I don't know why you're running away from it. Well, we're not running away from it, Your Honor. We're saying that, you know, this wasn't a case like in Jandreau or Buchanan where the board said this can, late evidence or late testimony can never... No, they related it to the particular condition. Absolutely. So Mr. Sports wasn't denied service connection because there was the absence of nexus evidence. Mr. Sports was denied service connection because the record evidence demonstrated the absence of a nexus. Ultimately, what Mr. Sports has argued, you know, that there should be more clarity in the record, it should be clear in the record, is essentially a reasons and basis challenge, that there wasn't a sufficient explanation as to why arthritis, spinal arthritis causation is a complicated medical condition that requires some sort of specialized knowledge. And that's a factual question that's beyond the court's jurisdiction. Is what the board did here inconsistent with a non-presidential opinion from this court called Robinson, which seems to suggest that there's some two-step analytical framework that the VA needs to undertake with step one being make a determination initially as to whether the lay witness can, in fact, credibly testify about this particular injury, about possible nexus for this injury as to whether it's a, you know, complex disease or injury versus a fairly, you know, self-evident one? Well, the remand order in Robinson was specific to that case and it wasn't a precedential decision. I mean, the Robinson case was in a unique procedural posture because the board considered that case before this court issued the Jandro, Buchanan, and Davidson decisions. So it didn't have the information from this court as to what is the correct standard by which to determine the competency of lay testimony. And the court construed the Robinson decision at court. Why isn't your argument that they did hear what Robinson asked for? They made a determination that was specific to this condition that the veteran wasn't competent to testify to it. Does Robinson require anything more than that? No. So? Okay. I'm not sure what else to say then. I mean, this is a case essentially where the board did what it was supposed to do. It looked at the lay testimony, it analyzed it and determined whether it was competent to provide, to get Mr. Sports where he needed to be and determined that it wasn't. It wasn't that he excluded it or refused to look at it at all. It said that it wasn't competent to show what he needed it to show. Just to be clear, because it's not clear to me that you're taking in a distinction that I think exists and I think maybe we've been discussing. There are only like three relevant sentences of the board decision, right? Of page, appendix 28. I thought as I was preparing for this case, there were two separate possible interpretations and I guess I ultimately persuaded myself that the second one was not meaningfully available. One interpretation is on the specific issue of causal connection. Mr. Sports is not competent to offer a view and therefore his view counts for nothing. A second, and sort of the phrase that comes after the word and, right? And does not refute, suggests maybe the board was taking it into account, weighing it against the medical evidence. So not ruling it out as incompetent, just weighing it and saying it's not enough. The Veterans Court clearly did not read the board opinion in the second way. It said the board treated this as not competent. You have an argument that under the Jandro, et cetera, standards, that view of the opinion is perfectly fine. But that's different from saying the board weighed the evidence and just found it insufficient. The distinction here is what the board did is it considered the evidence. It considered this lay testimony and made a determination. Does this lay testimony support the nexus determination that Mr. Sports needs us to do in order to demonstrate, or not even demonstrate, in order to get across the line to support a claim for service connection? It made that determination that it was not competent to meet that. Because it wasn't competent and because there's also credibility issues that were mentioned later in the decision, such information could not somehow supplant or overcome the actual medical evidence in the record and the actual medical examiner's opinion, which took into account the possibility of Mr. Sports' lay testimony and explained why such testimony wasn't going to get him across the line. So, in a sense, the medical examiner considered the lay testimony and took it at face value and gave an opinion and explained why this testimony doesn't show causation or why this testimony is inconsistent, really, with medical studies and why his testimony is inconsistent with the medical records in the file. So, the board, in a sense, when it found that the VA examiner's opinion was the most probative, took into account that the VA examiner considered the lay testimony. So, it's hard to say that it didn't consider it or it said it gave it a weight, because it was part and parcel of the VA examiner's opinion, which it found to be the most probative. Where do we find his testimony about the nexus? Where do we find Mr. Sports' testimony? It's cited at 264 to 265. This is in the 2014 medical examination report? Yes. It's where, you know... 265? It starts at 264. Where's the testimony about this point? Well, it says onset, you know, when he has the veteran states, you know. In the lower section of 264. Thank you. In the lower section of 264. So, what he testified to was that the onset was soon after the trauma. Yeah, he said my back hurt after this trauma, yes. And that testimony was considered, right? Yes. Where does he say that because of that temporal proximity, I think that was the cause? The closest thing in here, I mean, what he says is, there's nothing that says my arthritis. It's about back pain, my back problems. But he doesn't say, there's nothing explicit that he even says to support that my arthritis was the product of this 1979 injury or this... So he testified to the temporal proximity, and that testimony was considered, right? Absolutely. And not considered to be incompetent. That's correct. We've been talking a lot about the board decision. Our role here is to review the veterans court decision, right? Yes. And veterans court decision hinges on this no prejudicial error ruling, right? Yes. And that no prejudicial error ruling is based on an assumption that this court's case law requires some kind of express separate finding, initial finding as to whether or not the veteran is competent to diagnose or opine on nexus for a particular injury or disease. Is that right? The veterans court decision does seem to suggest that, yes. I mean, it says that's the issue, that there wasn't an explicit determination, that the error wasn't prejudicial. Right. So, I mean, I guess what I'm trying to figure out here is to affirm the veterans court, we don't have a ruling from the veterans court that's consistent with what your current position is on appeal, which is to say that your view is our case law doesn't require this extra procedural requirement. That's correct. We believe, I guess, that the veterans court was a little more, I guess, a little more protective or a little more careful. So then what would you want this court to say, to say that veterans court's assumption that such a procedural requirement exists in the law was erroneous, but such an erroneous assumption is harmless because, in fact, the appellant's position that there is such a requirement is untrue? Ultimately, we believe that the case should be dismissed for lack of jurisdiction because these are all fact questions. No, the question is if the veterans court said the board made a legal error by not articulating the lack of competency more clearly or in greater detail, that is an issue that we could review, right? We don't have to accept in these cases a determination by the board or the existence of legal error by the veterans court. That's correct. So, can you please repeat the question? I want to make sure I answer it correctly. We have a case here potentially viewing the veterans court as saying that the board made a legal error by not providing a more detailed explanation. We can review that, can we not, to determine whether the board, in fact, made a legal error. I'm not sure. And skip the question of prejudicial error. The court doesn't have to reach the question of prejudicial error. The court could say that there is no error to begin with. Can I ask you, I guess, a different what can we decide question. Is it your view that although both the board and the veterans court talked about treating certain proffered evidence as incompetent, in fact, there was no evidence proffered that the board declined to look at? There was no evidence that the board said we are not going to look at at all. No. This, I guess, goes back to this. We were looking at 281, 282. Where, again, is, everybody seems to be assuming that Mr. Sports proffered evidence in the form of his own assertion that the board said either, whether or not it said it's too weak or it's incompetent. People are assuming that he made this assertion. And I'm not sure I see it on here. You don't see it because it's not necessarily explicit. We are, you know, constrain the evidence in favor of the veteran. And the veteran's assertions that this was somehow, that his current condition is related to his service and his service injury. So, you know, taking the veteran at his word and constrain the evidence in the light most favorable to the veteran, it still doesn't even get him across the line. Finally, just to wrap up, we respectfully request that the court affirm the decision of the Veterans Court. And if the court has no further questions, we rest. Thank you. Thank you.  Thank you, Your Honor. Very briefly, there is evidence of record. If you look at Joint Appendix 50, 53, and 54, these are in-service treatment records where Mr. Sports is reporting his back pain, low back pain, and the like. There is, as the court noted, at 264 and 265. But they didn't dismiss that evidence, right? That was considered. He's not incompetent to testify that he had lower back pain. Nobody's suggesting that he was. Right, but we get to this question of what did the board evaluate his evidence for? They said he is incompetent to testify as to Nexus. That said, That doesn't mean he's incompetent to testify that he had back pain soon after the trauma. And they did consider that evidence, right? Agreed, agreed. But here's the problem. Nexus is not a particularly hard thing to show. And the Secretary hasn't argued that there's some high hurdle for Nexus. Nexus can be shown by lay evidence. And if the board said we're zeroing out his testimony, which is, I think, the fairest reading of what the Secretary was doing here. No, I don't think that's correct, that they zeroed out his testimony. To the extent that he testified to causation, yes, you can say that they zeroed it out. They didn't zero out his testimony because they did consider his testimony about the temporal relationship. This court has said that issues of causation and etiology are subject to lay testimony, which gets us back to the They can be, it doesn't say they are. Agreed, agreed. But it gets us back to, is this a sufficient basis to reject someone's testimony, a veteran's testimony in the face of Limb 54? And going back to the court's question about the board's language at Joint Appendix 28, simply to say he lacks the medical training or qualification to diagnose a cervical or lumbar spine disability, that fact may be true, it may be not true. But before you get to that point, you have to make a determination that those are complex conditions, that those are something that are beyond the ken of a lay person. And that's what we're saying is fundamentally missing here. So if the board had added an extra sentence at the top of the paragraph to say, we find that when it comes to the disease of degenerative disc disease, that's a very complex one, and it requires some kind of medical training in order to diagnose or opine on etiology, would that have been enough? That would have been enough. That's all we're asking for here, is that considered determination. And again, in light of 1154, in light of the language in Jandro that says the traditional standards for admissibility of evidence are relaxed in these cases, that's all we're asking for. Otherwise, you hollow out Buchanan, Davidson, Jandro, all of those cases. What do they mean if the Secretary can simply say, sort of assume? What they mean is there was a blanket refusal to consider light evidence on these questions, and Jandro in these other cases says that wrong. That's wrong. That's a legal error. Agreed, but that's not – sorry, Your Honor. And, you know, if the board here had said we can't consider light evidence on the question of causation, that would probably be a legal error. But that's not what they said. They said they related it to the specific condition. I fully appreciate that. But there are more than one way – there's more than one way to screw up 1154. That's the plainest way I can say it. One way to screw it up is to say lay testimony could never be considered. It's just totally insufficient under any circumstance. Another instance would be Jandro footnote 4, a broken leg, something that a veteran can absolutely testify about nexus, etiology, causation, the whole gamut. If that is zeroed out without a determination that it is, in fact, something that is complex, then that's 1154 error as well. And so we understand, and I'm not here arguing that this case is on all fours with Jandro. Jandro did involve this sort of categorical rejection of lay evidence writ large. What we're saying is 1154 can be screwed up in more than one way, and this court should fix that by incorporating some kind of a requirement and clarification that the court just described, that you have to have this threshold of determination. Veterans deserve it. If their evidence is going to be zeroed out, the least the secretary can do is to say we considered it and you're not confident. I see my time has expired. Thank you. Was your representation pro bono here? It was. Okay. The court thanks you very much. Thank you.